IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRENCE PATRICK SHEEHAN, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-011-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Terrence Patrick Sheehan, TDCJ-ID #1117555, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dalhart Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On July 27, 2000, Sheehan was charged by indictment with aggravated sexual assault of a child younger than 14 years of age (count one) and indecency with a child by contact (count two) in the 396th District Court of Tarrant County, Texas, Case No. 0772516D. (Clerk's R. at 3, 125) Evidence elicited during the punishment hearing reflects that Sheehan, an attorney, had been or was dating the victim's mother. On the night in question, the mother arrived at Sheehan's residence and found Sheehan sexually assaulting her ten-year-old daughter.

On April 22, 2002, Sheehan was given and signed written plea admonishments, after which he entered an open plea of guilty to count one of the indictment, and the trial court ordered preparation of a presentence investigation report. (*Id.* at 112-24; Reporter's R., vol. 2, at 5-11) On August 9, 2002, during the sentencing hearing, the defense called to testify the examiner who prepared Sheehan's sex offender evaluation, a member of Lawyers Concerned for Lawyers (LCL), the director of Recovery Health Care Corporation (RHC), an outpatient drug and alcohol treatment facility, and character witnesses Guy Johnson and Scott Carter. Sheehan also testified on his own behalf. The state offered the presentence investigation report, the 911 videotape, and called the child victim to testify. After considering the evidence, the trial court assessed Sheehan's punishment at twenty-five years' imprisonment. (Clerk's R. at 125) The trial court denied Sheehan's motion for new trial.

On direct appeal, the Second District Court of Appeals of Texas affirmed the trial court's judgment, the Texas Court of Criminal Appeals refused his petition for discretionary review, and the United States Supreme Court denied his petition for a writ of certiorari. *Sheehan v. Texas*, No. 2-02-401-CR, slip op. (Tex. App.–Fort Worth Oct. 2, 2003) (not designated for publication);

*Sheehan v. Texas*, PDR No. 1672-03; *Sheehan v. Texas*, 543 U.S. 935 (2004). Sheehan also filed a state application for habeas corpus relief, raising one or more of the issues presented, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R., vol. 1, at cover) This federal petition for habeas corpus relief followed.

### D. ISSUES

Sheehan has filed various correspondence, letter briefs and amended and supplemental pleadings. Sheehan's claims are largely multifarious, vague, and/or indecipherable.

### E. RULE 5 STATEMENT

Sheehan sufficiently exhausted his state remedies with regard to one or more of the issues presented as required by 28 U.S.C. § 2254(b)(1). To the extent Sheehan failed to do so, a petition for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the petitioner to exhaust the remedies available in the state courts. *Id.* § 2254(b)(2).

### F. DISCUSSION

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides

a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, typically it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Dretke*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.

## 2. Waiver of Claims

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). Because Sheehan's guilty plea was knowingly, intelligently and voluntarily made, as discussed below, his claims not involving the voluntariness of the plea, are waived. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004); *United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin*, 395 U.S. at 243; *United States v. Williams*, 61 Fed. Appx. 120 (5th Cir. 2003); *Barnes v. Lynaugh*, 817 F.2d 336, 338 (5th Cir. 1987).

### 3. *Voluntariness of Guilty Plea*

Sheehan claims his guilty plea was induced by trial counsel's misrepresentation or misunderstanding that the state's plea offer was reduced from thirty years to ten or fifteen years. (Pet'r Memorandum at 1-5) Relying to his detriment on counsel's erroneous advice, he was moved to plead guilty by this reported breakthrough.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).[2]

---

[2]Sheehan claims that his ineffective assistance claims should have been resolved by the state courts, not under *Strickland*'s two-pronged test, but under the standard discussed in *United States*
(continued...)

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688. Both prongs of the test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). Such a guilty plea will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The testimony and documentary evidence introduced during the plea, motion for new trial, and habeas proceedings support the state courts' conclusion that Sheehan's plea was knowingly, voluntarily and intelligently entered. (State Habeas R., vol. 2, at 306-13) Sheehan was aware of the range of punishment, and he executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his plea, that his plea was made knowingly, freely, and voluntarily, and that he was not threatened, coerced, forced, persuaded, or promised anything to

---

[2](...continued)
*v. Cronic*, 466 U.S. 648 (1984), under which prejudice can be presumed. Sheehan presents a laundry list of alleged acts and omissions of counsel, the totality of which he asserts constitutes per se ineffective assistance under *Chronic*. A *Chronic* analysis of an ineffective assistance claim, however, is appropriate only "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id*. at 659. That was not the case during the punishment phase in the underlying criminal action.

plead guilty. He further acknowledged that he waived any and all rights secured him by law, that he was totally satisfied with the representation given by counsel, and that counsel was competent in every aspect of representation. (*Id.* at 326-37) *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Such representations by a defendant during plea proceedings carry a strong presumption of truth. *Blackledge*, 431 U.S. at 74. Sheehan's claims, unsupported by the record, are insufficient to rebut the state court's factual findings by clear and convincing evidence, the regularity of the state court records, or the correctness of the state courts' adjudication of the issue. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974).

### *4. Ineffective Assistance During the Punishment Phase*

A criminal defendant is entitled to effective assistance of counsel at all stages of his criminal trial, including the punishment phase. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland*, 466 U.S. at 688; *Anders v. California*, 386 U.S. 738, 744 (1967); *see also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Although both prongs must be met, the performance component of *Strickland* need not be addressed first, and an ineffective assistance claim may be disposed of on the ground of lack of sufficient prejudice. *Robbins*, 528 U.S. at 286 n.14; *Strickland*, 466 U.S. at 697. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Where a petitioner's ineffective assistance claims have been reviewed on the merits under

the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the state court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Based largely on the affidavit of trial counsel, the state habeas judge, who also presided over Sheehan's trial, entered findings of fact refuting Sheehan's allegations of ineffective assistance and concluded that Sheehan was not denied effective assistance of counsel during the punishment phase of his trial. (State Habeas R., vol. 2, at 60-61, 66, 308-19, 311-13, 316-21) Weighing the credibility of the affiant was the role of the state habeas court, and the state court found the affidavit credible. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005). In turn, the Texas Court of Criminal Appeals denied relief based upon the trial court's findings. As previously noted, this constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. Having independently reviewed Sheehan's ineffective assistance claims in conjunction with the state court records, the state courts' application of *Strickland*'s attorney-performance standard was neither erroneous or objectively unreasonable.

Sheehan claims he was denied his right to effective assistance of trial counsel because counsel presented only a case of alcohol addiction, failed to present mitigating evidence, allowed inadmissible hearsay into evidence without objection, lost his curriculum vitae–"a summary of redeeming aspects of his life," and failed to adequately question his character witnesses about his

8

good character and the support of his friends. (Pet'r Memorandum at 13; Pet'r Appendix of Exhibits at 1-9) In this context, Sheehan must show that but for counsel's deficient representation, his sentence would have been significantly less harsh given the evidence. *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).

Counsel called five witnesses on behalf of Sheehan, including two character witnesses, during the punishment hearing. There was an abundance of evidence that Sheehan had an alcohol abuse problem at the time of the offense, and counsel's strategy to be forthcoming about Sheehan's alcolol abuse problem was a sound trial strategy. Extraneous act evidence through the presentence investigation report can be properly considered in assessing punishment under state law. *Smith v. Texas,* 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (concluding that a trial court could consider extraneous acts not proven beyond a reasonable doubt, if the presentence investigation report provided some basis from which the trial court could rationally infer that the defendant was responsible). Regardless, even if Sheehan could establish deficient performance on the part of counsel, it cannot be said that, but for counsel's acts or omissions, Sheehan's sentence would have been significantly less harsh given the age of the victim and the offense. *See Ward v. Dretke*, 420 F.3d 479, 498-99 (5th Cir. 2005); *Spriggs*, 993 F.2d at 88.

## 5. *Excessive Punishment*

Sheehan claims that his 25-year sentence is excessive. This claim is underdeveloped and inadequately briefed. Sheehan cites to no legal authority or case law in support of the claim. Thus, he has waived this argument for failure to brief it adequately. *See Trevino v. Johnson,* 168 F.3d 173, 161 n.3 (5th Cir. 1999).

9

*6. Motion for New Trial Hearings*

Sheehan claims his right to due process was violated by the trial court by denying him assistance of counsel on his motion for new trial. The facts of record to not support this claim.

*7. Ineffective Assistance of Appellate Counsel*

Sheehan sets forth a list of alleged acts or omissions of appellate counsel, which he maintains rises to the level of ineffective assistance. Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). It is counsel's duty to choose among potential issues, according to counsel's judgment as to their merits. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Sheehan must show that appellate counsel's failure to raise an issue worked to his prejudice, but for which he would have prevailed on his appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991).

Sheehan has not satisfied this requirement. He has identified no potentially meritorious points of error that his appellate counsel could or should have raised. Thus, it follows, that counsel was not ineffective for failing to raise the issues on appeal.

*8. Admissibility of Evidence*

Sheehan argues that his Sixth Amendment right to confrontation was violated because the presentence investigation report contained hearsay of an extraneous offense that made him appear less deserving of leniency. Evidentiary questions present cognizable habeas claims only if they run afoul of a specific constitutional right or render the trial fundamentally unfair. *See Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir. 1994); *Pemberton v. Collins,* 991 F.2d 1218, 1226 (5th Cir. 1994). The Sixth Amendment is not violated by the use of hearsay at sentencing nor has Sheehan demonstrated that the punishment phase of his trial was rendered fundamentally unfair as a result of the testimony.

*See United States v. Mitchell,* 484 F.3d 762, 776 (5th Cir.), *cert. denied*, 128 S. Ct. 297 (2007); *United States v. Beydoun,* 469 F.3d 102, 108 (5th Cir 2006); *United States v. Hoang*, No. 05-20590, 285 Fed. Appx. 133, 137 (5th Cir. July 14, 2008).

### 9. Evidentiary Hearing

Sheehan requests this court hold an evidentiary hearing to further develop the record and resolve the factual issues in his case. If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's actual innocence. 28 U.S.C. § 2254(e)(2). Sheehan does not satisfy the statutory requirements.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Sheehan's petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 30, 2009. The United States District Judge need only make a *de*

11

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Garcias v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 30, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 9, 2009.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE