IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRENCE PATRICK SHEEHAN, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-011-Y |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div., | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Terrence Patrick Sheehan under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings[1] and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 9, 2009; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 26, 2009.[2]

The Court, after **de novo**[3] review, concludes that the Peti-

---

[1] In addition to his form petition with attachments, and February 5, 2008, memorandum in support, Sheehan also filed a January 26, 2009, supplemental pleading and January 29, 2009, amended supplemental pleading in support. As noted by the magistrate judge, Sheehan's claims are multifarious and repetitive, and the Court concludes that the organization and listing of the claims by Respondent in his answer at pages 3-6 is appropriate and is adopted by this Court.

[2] In the time since the filing of his objections, Sheehan has filed a "Motion for Partial Summary Judgment" (docket no. 36), a "Motion to Account Effect of Punishment Phase Errors" (docket no. 39), and a "Motion for Decision on Sentencing Due Process" (docket no. 40). In each of these motions, however, Sheehan essentially asks the Court to "grant" or "issue" the writ of habeas corpus, which is redundant of the requests for relief already enumerated in the petition and supporting pleadings, and thus such motions (docket nos. 36, 39, and 40) must be DENIED. Otherwise, the motions are construed as additional written objections to the magistrate judge's report.

[3] Sheehan has filed a motion for complete de novo review and alternative declaration of unconstitutionality of section 2254(d). To the extent the motion (docket no. 33) seeks to have the Court not afford the deference required under 28 U.S.C. § 2254(d) to the state-court proceedings, it is DENIED, and as the

ioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied, for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated in the respondent's answer at pages 3-29.

Sheehan has moved to have the Court allow discovery of appellate counsel's file, the information management system records and investigative file from the district attorney's office, and a 911 tape. But he has not shown that he sought these materials during the state-court proceedings.[4] As Sheehan has not shown that he attempted to develop these facts during the state-court proceedings,[5] he has not shown good cause to allow discovery. Thus, the motion for discovery (docket no. 34) is DENIED.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

---

Court has engaged in a de novo review, it is otherwise DENIED as moot. Sheehan has also filed a document labeled a "Supplemental Motion for Discovery and De Novo Explanation," but by this motion he again seeks to have the Court engage in a de novo review. As noted above, as this has been completed, the motion (docket no. 35) is DENIED.

[4]The article 11.07 proceeding was initiated by Sheehan's filing of his application in November 2005, and terminated by the Texas Court of Criminal Appeals's denial, on October 24, 2007. *Ex parte Sheehan,* No. WR 66,791-01. Although Sheehan argues that he needs access to appellate counsel Pete Gilfeather's files due to Gilfeather's death on January 25, 2008, Sheehan has not shown that he attempted to obtain and provide these records to the state court during the state proceedings that concluded prior to that date.

[5]*See generally* 28 U.S.C. § 2254(e)(1) and (e)(2)( setting the standards a § 2254 application must meet to warrant an evidentiary hearing)(West 2006); *Williams v. Taylor,* 529 U.S. 362, 437 (2000)(petitioner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e) prohibits and evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.")

2

Petitioner Terrence Patrick Sheehan's petition for writ of habeas corpus is DENIED.

SIGNED July 31, 2009.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE